IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Dejana Milijas
vs.
Portnoff Law Associates
27 Horizon Dr. Ste 100
King of Prussia, PA 19406

CIVIL ACTION NO.

# CIVIL COMPLAINT

I. **INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

3. Defendant is subject to strict liability for attempting to collect an amount in excess of an amount authorized by agreement or permitted by law in violation of several sections of the Act.

4. Defendants are subject to strict liability for collecting or attempting to collect consumer debt without providing consumer with the debt validation debt dispute notice, as required by section 1692(g), regarding a right to dispute or request validation of the debt sought to be collected.

5. Defendants are subject to strict liability for failing to follow procedure promulgated by the FDCPA when the debt is disputed orally, in violation of

several sections of the FDCPA, and holding of this Circuit in <u>Riccio v. Sentry Credit Inc</u>, No. 18-1463 (3d Cir. 2020).

6. Defendants are subject to strict liability for providing false and/or misleading representations in the dunning letter, regarding latent increase of the amount of the debt owed in violation of 1692(e).

## II. <u>JURISDICTION</u>

7. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

8. Defendants regularly conducts business within the Eastern District of Pennsylvania, 28 U.S.C. §1391, and in doing so has sent a dunning letter to Plaintiff regarding a transactions or series of transactions which Defendant claims occurred in connection with Plaintiff's ownership of a property 817 E. Penn Blvd. Upper Darby, PA, at her address in Delaware County, which address is within Eastern District of Pennsylvania.

## III. **PARTIES and FDPCA COVERAGE**

9. Plaintiff, Mrs. Dejana Milijas ("Plaintiff") is an adult individual who at all times relevant hereto resides in the Commonwealth of Pennsylvania or in the State of Maine.

10. Plaintiff is a "consumer" as that term is contemplated under the FDCPA, 15 U.S.C. §1692a(3), as the alleged debt sough to be collected from

consumer in this instance stems from alleged balance on his primary residence municipal fees for water, sewer and trash, and as such considered consumer debt covered under the FDCPA, as it is primarily of personal and household origin, pursuant to Third Circuit's holding in <u>Piper v. Portnoff Law Assocs., Ltd.</u>, 396 F.3d 227 (3rd Cir. 2005) and <u>Pollice v. Nat'l Tax Funding, L.P.</u>, 225 F.3d 379 (3rd Cir. 2000).

11. Defendant Portnoff Law Associate, captioned above, (hereafter the "debt collector"), is a law firm, "debt collector" within the meaning of the FDCPA 15 U.S.C. §1692a (6), and by own written admissions, as it regularly collects consumer debt on behalf of another or owed to another, as it uses often uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or they are a debt collector as their primary purpose.

**IV. STATEMENT OF CLAIM**

12. On or about February 2nd 2022, the debt collector sent to Plaintiff a dunning letter, ("the letter"). See **Exhibit A.**

13. The said letter is considered a communication from a debt collector to the consumer and regarding "the debt", and as well as "an attempt to collected debt" within the meaning of FDCPA.

14. 1692(g) disclosure which Defendant failed to provide would have in relevant part, read as follows:

**15 U.S. Code § 1692g - Validation of debts**

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15. In attempting to collect debt, Defendant failed to provided consumer with a timely or any of whatsoever, debt validation/right to dispute debt required under 1692 (g)(a), to this regarding right to dispute the debt.

16. After consumer nevertheless vigorously disputed the amounts of the debt and the collection of it, orally, Defendant failed to follow proper procedure and take appropriate steps required in this Circuit once a consumer disputed the debt, in violation of at least 1692(g), and the holding in <u>Riccio v. Sentry Credit Inc, No</u>. 18-1463 (3d Cir. 2020).

17. Defendant's letter to the Plaintiff also contains the following statement regarding the debt :

> *If it is necessary to proceed with legal action in connection with respect to this delinquent account the current balance due may increase as a result of attorney fees, interests and costs*".  See **Ex. A.**

18. Since the law in Pennsylvania 53 P.S. § 7101 et seq. §31.1, provides for addition of reasonable attorney's fees and costs in collection of such municipal debts, <u>any</u> further collection efforts including attorneys' fees routinely incur, adding to the lien, programed to be accounted for and added and collected by the solicitor, in accordance with the laws, and they are secured with the first priority property lien, by statute.

19. Thus, the words that the debt 'may increase' used in a letter, is a dilution of the truth, the natural result of which instils false sense of possibility of evading significant additional amounts to be added to the debt, which in this case, may easily double the amount owed by addition of attorney fees and court costs and interest, with the very first Court filing.

20. As such Defendant used false or at the very least misleading information to collect debt, in violation of 1692(e), and holding in <u>Brown v. Card Serv. Ctr</u>., 464 F.3d 450,. 453 (3d Cir. 2006).

21. In the second part, the 1692(g) disclosure which Defendant failed to provide would have in relevant part, read as follows:

22. Plainly stated in section a(3) above is that <u>only if</u> a debt collector does not receive from a consumer a dispute notice within 30 days <u>then</u> they may assume the debt to be valid.

23. Defendant's first letter, sent on the day 1 of 30, while lacking a validation dispute notice nevertheless refers to the debt as " *this delinquent account*" and in the entirety of its content commonly assumes that the debt they are trying to collect is readily valid, a violation of 1692(e) taking action or threatening to take action not legally allowed to take in connection with the collection of the debt.

24. Defendant's conduct caused Plaintiff turmoil and much undue anxiety, stress, humiliation, as their illegal efforts continued for period of over several years.

25. Plaintiff as a result suffered a loss of monies, loss of joy for life, worsened his condition(s), and other damages the full extent of which is yet to be determined.

26. Defendant's conduct was intentional and pervasive and premeditated.

**WHEREFORE,** Plaintiff, demands judgment against the Defendant for:

    (a)    Statutory Damages;

    (b)    Attorney's fees and costs; and

    (c)    Actual damages

    (c)    Such other and further relief as the Court shall deem just and proper.

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:   02/16/2022                     */s/*Predrag Filipovic,*Esq. (PA ID 312568)*
                                                          Attorney for Plaintiff
                                                          PREDRAG FILIPOVIC
                                                          1635 Market St.Ste 1600
                                                          Philadelphia, PA 19103

Enclosures: **Exhibit A.**